[No. 909.]

## SAMUEL F. THORNE, Respondent, v. E. D. SWEENEY ET AL., Appellants.

INJUNCTION—NOMINAL DAMAGES—COSTS.—An appeal having been taken in this case from an order refusing to dissolve the temporary injunction, and that order having been reversed upon the ground that an injunction should not issue to prevent merely nominal damages (12 Nev. 251), and the court below having, upon the same facts, at the final trial, rendered judgment in favor of plaintiff for one dollar damages, for costs, and a perpetual injunction: *Held*, that the court erred in rendering judgment for costs and decreeing a perpetual injunction.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts appear in the opinion.

*T. W. W. Davies*, for Appellants.

*Robert M. Clarke*, for Respondent.

By the Court, BEATTY, J.:

This is the same case that was formerly here on appeal from the order refusing to dissolve the temporary injunction. (12 Nev. 251.) After the decision of that appeal the case was tried in the district court, and a final judgment

rendered in favor of the plaintiff for one dollar damages, for his costs of suit, and for a perpetual injunction. From that judgment, and from an order denying their motion for a new trial, the defendants appeal.

Objection is made by the respondent to the consideration of the appeal from the order refusing a new trial upon the ground that notice of the motion was not given in time. This objection is without merit unless it should be held that the case was tried by a jury. The fact is that certain special issues were submitted to and found by a jury, but no general verdict was rendered, and there was no finding as to what, if any, damage had been caused by the alleged trespasses of the defendants. Upon the rendition of the special verdict, the case was continued for argument, and after argument held under advisement by the court. Finally a judgment was filed by the judge, in which were recited the findings of the jury and his own findings and conclusions. Thereupon the plaintiff's attorney served upon the attorney for the defendants a written notice of the filing of the decision, and within ten days thereafter notice of their intention to move for a new trial was filed and served by defendants.

We think this was a case tried by the court within the meaning of the statute (C. L. 1258), and that the notice was in time. But whether it was or not is of no consequence; for the appeal from the judgment presents the only question which it will be necessary to consider.

The special verdict of the jury and all the findings of the court are incorporated into the judgment, and are thus made a part of the judgment-roll; and it appears therefrom that a perpetual injunction has been granted upon the identical facts which we decided on the former appeal afforded no ground for an injunction.

The decision of the district judge seems to have been based entirely upon a finding of the jury that the defendants failed to comply with one of the requirements of the statute relating to the condemnation of the right of way for flumes and ditches, by not keeping good their tender of the amount awarded as damages by the arbitrators. But our decision

was that, independent of all questions concerning the constitutionality of that act, and of course without any regard to the question whether or not it had been complied with, an injunction ought not to issue to prevent a merely nominal damage.   The judgment shows that there has been no actual damage caused by the construction and operation of the ditch and flume of the defendants, and it follows from our former decision, which has become the law of the case, that a prayer for an injunction should have been denied. It follows, also, that it was error to allow the plaintiff to recover costs.   (C. L. 1539.)

The judgment is reversed and the cause remanded with instructions to the district court to modify its judgment by striking out so much thereof as allows a recovery of costs, and all that part relating to the injunction.